48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick H. JACKSON, Defendant-Appellant.
 No. 94-10264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick H. Jackson appeals following our remand to the district court to conduct a belated in camera review to determine whether taped telephone conversations were Jencks Act statements. Jackson contends that the district court erred by concluding that the government's violation of the Jencks Act was harmless error. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 The district court reviewed the telephone conversations of James Thompson, a co-conspirator and cooperating government witness. The court concluded that the bulk of the statements did not fall within the Jencks Act, but found that certain statements did relate to the subject matter of Thompson's direct testimony. These included statements concerning the method of operation, Thompson's address, and Thompson's acquaintance with Lamar Whaley. The court then determined that whether considered as non-constitutional or constitutional error, the government's failure to disclose the statements would not have affected the verdict.
 
 
 4
 Jackson first argues that the district court incorrectly determined that certain statements concerning the method of operation were not statements within the meaning of the Jencks Act. This contention is not supported by the record. The district court erred on the side of caution and considered the statements concerning the use of counter to counter air freight, cashier's checks, and cover stories as statements related to Thompson's direct testimony. See United States v. Brumel-Alvarez, 991 F.2d 1452, 1464 (9th Cir.1992).
 
 
 5
 We agree with the district court's conclusion that the non-disclosure of the taped conversations was harmless error. The conversations occurred one year after the crime and did not discuss the transaction on which Jackson was convicted. Because the statements were consistent with Thompson's testimony, they would not have impeached Thompson's credibility to the extent of affecting Jackson's substantial rights. Cf. id. (reversing when Jencks Act statement recanted trial testimony). Independent evidence connected Jackson to the crime. The jury acquitted Jackson of four counts, including the conspiracy count. See United States v. Ogbuehi, 18 F.3d 807, 811 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3